UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

MERRILL LYNCH COMMERCIAL FINANCE CORP.,

                              Plaintiff,

          -against-

AMERICAN STANDARD TESTING AND CONSULTING
LABORATORIES, INC., ALAN FORTICH,
AMERICAN STANDARD TESTING OF NEW JERSEY LLC,
HERNASCO TESTING LABORATORY, INC.
and "JOHN DOE #1" THROUGH "JOHN DOE #12",
the last twelve names being fictitious and unknown to Plaintiff,
being persons having or claiming an interest in or lien upon
the Collateral described in the complaint,

                             Defendants.

------------------------------------------------------------------------x

09 CV      (    )

CV-09 4721
FEUERSTEIN, S
LINDSAY, M.

## PLAINTIFF'S MEMORANDUM OF LAW IN
## SUPPORT OF ITS MOTION FOR A SEIZURE ORDER

     In 2003, plaintiff's assignor granted defendant American Standard Testing and Consulting

Laboratories, Inc. ("ASTCL") a $750,000 commercial line of credit, which was later decreased to

$500,000. In exchange, ASTCL granted plaintiff's assignor a security interest in its accounts, inven-

tory, and other items (the "Collateral"). The agreement provides for seizure of the Collateral upon a

default "without any prior notice." ASTCL is in default of the agreement because it has not repaid

the debt, nor has it turned over the Collateral. The present motion seeks: (a) an order of seizure of

plaintiff's Collateral wrongfully held by ASTCL, pursuant to FRCP Rule 64 and NY CPLR § 7102;

and (b) an order scheduling the deposition of ASTCL's principal, Alan Fortich, for the purpose of

determining the complete whereabouts of all of plaintiff's Collateral, pursuant to FRCP Rule 26(d)

and NY CPLR § 7112.

**Statement of Facts**

MLBFS was granted a security interest in the Collateral pursuant to the WCMA Loan and Security Agreement, dated September 10, 2003 ("Line of Credit Agreement," annexed as Ex. A to the Declaration of Anne M. Easter, sworn to October 29, 2009 ("Easter Dec.")), which was granted by ASTCL to MLBFS in exchange for a commercial line of credit in the amount of $750,000. (Ex. A ¶ 1.1, "Maximum WCMA Line of Credit"; all references to exhibits are to those of the Easter Dec.)

The Collateral consists of all accounts, chattel paper, contract rights, inventory, equipment, deposit accounts, documents, instruments, investment property and financial assets, wherever located, and all the proceeds thereof of ASTCL. (Ex. A ¶ 1.1, "Collateral", and ¶ 3.4(a), (b).) Plaintiff holds a perfected security interest in the Collateral inasmuch as on September 12, 2003, a UCC Financing Statement was duly filed with the New York Secretary of State, and subsequent assignment and continuation statements were also so filed. (Ex. B.)

Additionally, on or about September 10, 2003, defendants Alan Fortich, American Standard Testing of New Jersey LLC, and Hernasco Testing Laboratory, Inc. gave MLBFS their unconditional guaranties of ASTCL's indebtedness to MLBFS under the Line of Credit Agreement (the "Guaranties"). (Ex. C.) At all relevant times, defendant Alan Fortich was a principal of ASTCL.

In the Line of Credit Agreement, ASTCL promised to pay all indebtedness owed to plaintiff by the maturity date specified therein. (Ex. A ¶ 2.1.) The initial maturity date under the Line of Credit Agreement was September 30, 2004, but it was thereafter renewed, subject to ASTCL's creditworthiness.

On July 7, 2006, the parties agreed, among other things, that the maximum line of credit be reduced to $500,000. (Ex. D.)

On December 29, 2007, MLBFS assigned to MLCFC its interests in the Line of Credit

Agreement and the Guaranties. (Easter Dec. ¶ 8.)

On December 10, 2008, the parties agreed, among other things, that the maximum line of credit for the period from February 1, 2009 to February 28, 2009 be reduced to the lesser of (a) $456,000, or (b) the sum of 70% of ASTCL's accounts and chattel paper as shown on its regular books and records.  At the same time, the maturity date was extended to March 31, 2009. (Ex. E.)

On March 25, 2009, the maturity date under the Line of Credit Agreement was extended to July 31, 2009.  (Ex. F.)

On August 6, 2009, MLCFC sent ASTCL a notice of default and reservation of rights informing it that it had failed to pay the full indebtedness under the Loan Agreements by the maturity date. (Ex. G.)

On October 20, 2009, MLCFC sent defendants a demand for full payment of the indebtedness by October 27, 2009. (Ex. H.)

Defendants failed to pay the full indebtedness as demanded, thereby causing an Event of Default to occur under the Loan Documents. (Easter Dec. ¶ 13; Ex. A ¶ 3.5(b).)

Upon the occurrence of an Event of Default under the Line of Credit Agreement, MLCFC is entitled, among other things, to: (a) "without any prior notice to [ASTCL]," obtain possession of the Collateral (Ex. A ¶ 3.6(a)(iv)); (b) "take control in any lawful manner of any cash or non-cash items of payment or proceeds of Collateral" (*id.* ¶ 3.6(a)(viii)); (c) "require [ASTCL] to forthwith upon receipt, transmit and deliver to plaintiff in the form received, all cash, checks, drafts and other instruments for the payment of money" (*id.* ¶ 3.6(a)(vi)); and (d) "exercise any or all of the remedies of a secured party under applicable law and in equity, including, but not limited to, the UCC" (*id.* ¶ 3.6(a)(iii)).

As of October 28, 2009, defendants owe MLCFC $487,815.45 under the Line of Credit

3

Agreement and Guaranties, but exclusive of further accruing interest and plaintiff's costs of collection, including attorneys' fees and court costs, which are specifically recoverable under the Line of Credit Agreement and Guaranties. (Easter Dec. ¶ 15; Ex. A ¶ 3.7(d); Ex. C p.1, 1st ¶.).)

The precise current aggregate value of the Collateral claimed in which MLCFC seeks possession is unknown, however, the requirement for an undertaking has been waived by the written consent of the parties in the Line of Credit Agreement which states that ASTCL, "irrevocably waives to the fullest extent permitted by law any bonds and any surety or security relating thereto required by any statute, court rule or otherwise as an incident to such possession." (Ex. A ¶ 3.6(f).)

This motion is being commenced simultaneously with the commencement of this action. The Complaint is annexed as Ex. I.

## PLAINTIFF IS ENTITLED TO A SEIZURE ORDER

Article 71 of the NY CPLR is made applicable to this proceeding by FRCP Rule 64. *Honeywell Information Systems, Inc. v. Demographic Systems, Inc.*, 396 F. Supp. 273, 274 (S.D.N.Y. 1975); *see also Licensing Services International v. Howe Chemical Co., Inc.*, 1995 WL 744996 (E.D.N.Y. Dec. 6, 1995).

CPLR §7101 provides that: "An action under this article may be brought to try the right to possession of a chattel[1]." In such an action, the sole issue is which party has the "superior pos-

---

1 NY General Construction Law §15 provides the definition of "chattel" applicable to CPLR Article 71 by General Construction Law §110: "The term chattels includes goods and chattels; and, where the term appears in any statute or rule pertaining to an action to recover the same, it also includes all specific personal property, such as, but not limited to, certificates of stock, bonds, notes, or other securities or obligations." The statute recognizes that chattel is distinguishable from real property and includes mere paper and "obligations." It is broadly worded so as to include "*all* specific personal property" and its reference to "certificates of stock, bond, notes or other securities or obligations" is by illustration, not limitation. Thus, accounts (which includes accounts receivables), chattel paper, deposit accounts (also bank accounts), investment property, financial assets and the proceeds thereof are chattel subject to seizure under New York law pursuant to GCL §15. *E.g.*, *Phoenix Home Life (continued)*

4

sessory right" to the chattels. *Christie's Inc. v. Davis*, 247 F.Supp.2d 414, 419 (S.D.N.Y. 2001) (*quoting Honeywell Information Systems, Inc.*). Under CPLR §7102(c), an application for a seizure order must be supported by an affidavit setting forth a number of factual items, which plaintiff has submitted in the form of the sworn to Easter Dec.

MLCFC has shown that its holds a perfected security interest in the Collateral and that ASTCL has defaulted under the Line of Credit Agreement entitling MLCFC to possession of the Collateral. (Easter Dec. ¶¶'s 2-14.) ASTCL explicitly agreed in the Line of Credit Agreement that upon default plaintiff is entitled to obtain possession of the Collateral "without any prior notice", as well as to exercise its rights under the UCC. (Ex. A ¶ 3.6(a)(iii), (iv)); *See* UCC 9-609(a)(1) (permits secured party to take possession of collateral upon debtor's default.))

It should be noted that although CPLR §7102(a) and (e) require an undertaking in connection with a seizure order, the requirement for an undertaking has been waived by the written consent of ASTCL in the Line of Credit Agreement which states that ASTCL, "irrevocably waives to the fullest extent permitted by law any bonds and any surety or security relating thereto required by any statute, court rule or otherwise as an incident to such possession." (Ex. A ¶ 3.2(iii).) Such a waiver ought to be given effect. *See Marsh USA Inc. v. Karasaki*, 2008 WL 4778239, at *21 (S.D.N.Y., Oct. 31, 2008); *Helene Curtis v. National Wholesale Liquidators, Inc.*, 890 F.Supp. 152 (E.D.N.Y.1995) (defendant permitted to waive bond requirement under FRCP 65).

Finally, plaintiff requests an order scheduling the deposition of ASTCL's principal, Alan Fortich, for the purpose of determining the complete whereabouts of the Collateral, including any

---

*Mutual Insurance Co. v. Brown*, 857 F. Supp. 7 (W.D.N.Y. 1994) (identifiable corporate records are properly the subject of replevin actions); *Horowitz v. Securities Clearance Corp.*, 27 Misc.2d 739, 211 N.Y.S.2d 673 (Sup. Ct., NY Co. 1961) (pledged securities are chattel); *Weissman v. Weissman*, 11 N.Y.S.2d 1008 (2nd Dep't 1939) (insurance policies are chattel).

bank accounts where the proceeds of the Collateral may be deposited, as well as a list of account debtors which plaintiff is entitled to contact. (Ex. A ¶ 3.6(a)(vii).) This information is required to be provided to plaintiff under the Line of Credit Agreement. (Ex. A ¶ 3.2(iii).) *See* FRCP Rule 26(b), CPLR § 7112.

## Conclusion

For the reasons stated above, it is respectfully requested that plaintiff's motion be granted.

Dated:  New York, New York
       October 29, 2009

JOEL A. SIEGEL (JS-2974)

Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: (212) 233-6900
Fax: (212) 233-9713
Email: jasnycesq@aol.com

SPENCER L. SCHNEIDER (SS-2471)
Co-counsel for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: (212) 233-7400
Fax: (212) 233-9713
Email: sschneider@slsatty.com